UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:14-cv-99-M

BAYOU CITY EXPLORATION, INC.                                              PLAINTIFF

Vs.

CONSUMER ADVOCATE SERVICES ENTERPRISES, LLC                 DEFENDANTS
        **Please Serve:**    **Michael DeMarco, Jr.**
                              **Registered Agent**
                              **5500 E. Atherton St. 325**
                              **Long Beach, CA  90815**

AND

JAMES CHAMBLISS, INDIVIDUALLY
        **Please Serve:**    **5500 E. Atherton St. 325**
                              **Long Beach, CA  90815**

COMES the Plaintiff, Bayou City Exploration, Inc., by and through counsel, and for its Complaint against Defendants, hereby states as follows:

1. That Plaintiff, Bayou City Exploration, Inc., is a duly organized Nevada corporation registered in the Commonwealth of Kentucky with its principal place of business located at 1151 Old Porter Pike, Bowling Green, Kentucky.

2. That Defendant, Consumer Advocate Services Enterprises, LLC, is a California corporation with its principal place of business located at 5500 E. Atherton St. 325, Long Beach, CA  90815.

3. That Defendant, James Chambliss, to the best of Plaintiff's belief and knowledge, is and was at all times relative hereto a resident of Long Beach, California.

1

## JURISDICTION AND VENUE

4. This is a civil action arising out of Defendants' telephone, U.S. mail, and e-mail solicitation to current and former business clients of Plaintiff, including, but not limited to residents of Kentucky, purporting to recover investment funds under false and misleading pretenses, which tortious conduct has caused injury to the Plaintiff in the Commonwealth of Kentucky.

5. That this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and because the damages sought by Bayou City Exploration, Inc. exceed $75,000, exclusive of interest and costs.

6. That this Court has personal jurisdiction over the Defendants herein and venue is appropriate by virtue of Defendants having transacted business within the Commonwealth of Kentucky, having caused tortious injury in the Commonwealth of Kentucky, having engaged in telephone solicitation in the Commonwealth of Kentucky, and further, pursuant to KRS 454.210.

## FACTUAL BACKGROUND

7. Plaintiff reiterates and reaffirms the allegations contained in Paragraphs 1-6 herein above and further states:

8. Plaintiff is engaged in the business of preparing oil and gas drilling programs and selling offerings through a broker/dealer, namely Source Capital Group, Inc.

9. At some time prior to July, 2014, Defendants obtained a list of individuals and their contact information who had previously invested with Plaintiff or in programs currently managed by Plaintiff.

10. Defendants began contacting Plaintiff's investors by telephone and after eliciting the necessary information, informed them that if they had invested with Blue Ridge Group, Inc., Bayou City Exploration, Inc., Allied Energy, Inc., and/or Source Capital Group, Inc., they were the victim of a Ponzi scheme and the companies were committing fraud.

11. Defendants represented that Blue Ridge Group, Inc., Bayou City Exploration, Inc., Source Capital Group, Inc., Allied Energy, Inc., and the Opportunity Fund were all one company that operated under different names.

12. After making multiple false and misleading misrepresentations to the investors, Defendants requested an upfront retainer payment in exchange for their assistance in attempting to recoup investment funds.

13. Defendants relied on multiple tactics and falsities in their efforts to defraud Plaintiffs' investors.

14. Defendants informed investor Mari Jo Coles ("Coles") that Plaintiff was the same company as Allied Energy, a Florida corporation with a dubious history and multiple cease and desist orders in various states.

15. Defendants falsely informed investor Coles that Blue Ridge Group, Inc. sent out e-mails to partners regarding Opportunity Fund quarterly distributions. The Opportunity Fund is an investment managed by

Plaintiff and not Blue Ridge Group, Inc., and no such correspondence was ever sent to investors by the Plaintiff.

16. Defendants falsely informed investor Coles that Financial Industry Regulatory Authority ("FINRA") had an active case against Plaintiff. FINRA has no jurisdiction over Plaintiff as Plaintiff is not a broker-dealer or a member of FINRA.

17. Defendants falsely informed investor Coles that Plaintiff had paid "restitution" as a result of a FINRA case. Plaintiff is not subject to FINRA jurisdiction and made no payment of restitution of any kind to any investor or regulatory agency. FINRA is a non-governmental organization that regulates member brokerage firms and exchange markets. FINRA actions are designed to determine compliance with industry rules and regulations as opposed to recovering money or securities for individual investors.

18. Defendants falsely informed investor Coles that Plaintiff's president, Steve Larkin, was subjected to discipline as the result of a FINRA case. Steve Larkin is not a securities broker, is not subject to FINRA jurisdiction, and is not mentioned in any FINRA document.

19. Defendants falsely represented to investor Coles that Steve Smith was a client and that he had previously invested with Blue Ridge Group, Inc. Defendants went as far as to have an individual contact investor Coles purporting to be Steve Smith, a satisfied Consumer Advocates customer, in an attempt to deceive Coles into contributing money to Defendants' fraudulent scheme.

20. Defendants falsely represented to investor Coles that her investments with Blue Ridge Group, Inc., which Defendants claim is the same company as Plaintiff, were a fraud and that she was a victim of a Ponzi scheme.

21. Defendants falsely informed investor Coles that Plaintiff was refusing to pay dividends and withholding distributions with respect to any investors that retained Defendants' services.

22. Defendants contacted investor Ronald W. Hoettels ("Hoettels") and falsely represented that his Opportunity Fund investment was a Ponzi scheme and that there were no mortgages securing the investment.

23. Defendants requested a retainer fee of $11,000.00 from investor Hoettels in order to retrieve the money invested with Plaintiff.

24. Although investor Hoettels declined Defendants offer of representation, the false allegations resulted in investor Hoettels canceling his check for his most recent investment with Plaintiff.  (See Affidavit attached as **Exhibit A**).

25. Defendants contacted investor Ernest Val Mathews ("Mathews") and falsely represented that Plaintiff was engaging in fraud and under investigation for same.

26. Defendants further falsely stated to investor Mathews that they were working with thirty-five clients of Plaintiff and some have already recovered much of their investment.

27. While investor Mathews did not engage Defendants' services, the false allegations caused him grave concern with respect to his business relationship with Plaintiff.  (See Affidavit attached as **Exhibit B**).

## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

28. Plaintiff reiterates and reaffirms the allegations contained in Paragraphs 1-27 herein above and further states:

29. Defendants have engaged in a pattern of fraudulent and misleading conduct by contacting numerous individuals who have invested with Plaintiff and advising said investors that Plaintiff is operating a Ponzi scheme and engaged in fraud.

30. Defendants were aware of Plaintiff's contractual and/or business relationship with certain investors and, being motivated with intent to defraud the investors, intentionally interfered with Plaintiff's relationships with said investors causing harm to those relationships and Plaintiff's business prospects therewith.

31. As a result of Defendants' intentional and improper interference with Plaintiff's business relationships, Plaintiff has suffered special damages in the form of lost profits in an amount in excess of this Court's jurisdictional minimum and is further entitled to punitive damages.

## DEFAMATION

32. Plaintiff reiterates and reaffirms the allegations contained in Paragraphs 1-31 herein above and further states:

33. Defendants have wilfully and maliciously communicated false statements, including, but not limited to, statements that Plaintiff is operating a Ponzi scheme and engaged in fraudulent behavior.

34. Defendants' false communications are slanderous *per se* given they directly import fraud, deceit, and dishonesty on the part of Plaintiff.

35. As a result of Defendants' false statements, Plaintiff is entitled to damages in an amount in excess of this Court's jurisdictional minimum.

36. Plaintiff is entitled to punitive damages as a result of Defendants' willful and malicious conduct.

WHEREFORE, the Plaintiff, Bayou City Exploration, Inc., prays for an entry of judgment as follows:

1. For a judgment against Defendants for compensatory and punitive damages;
2. For a trial by jury;
3. For its costs and attorney fees expended; and
4. For any and all other relief to which Plaintiff may appear entitled.

This 5th day of August, 2014.

Respectfully submitted:

_/s/ T. Brian Lowder_____
T. Brian Lowder
Lowder & McGill, PLLC
537 E. 10th Ave., Ste. 200, P.O. Box 900
Bowling Green, KY  42102-0900
Tel: (270) 842-3924   Fax: (270) 282-2085
brian@lowdermcgill.com